FILED
2013 Apr-16 PM 01:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| DAVID A. METHVIN, | ) |
| Plaintiff, | ) |
| vs. | )   CV 12-J-2554-NE |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM OPINION

This matter is before the court on the record and briefs of the parties. This court has jurisdiction pursuant to 42 U.S.C. § 405. The plaintiff is seeking reversal or remand of the final decision of the Commissioner. All administrative remedies have been exhausted.

Plaintiff filed his applications for Disability Insurance Benefits and Supplemental Security Income on December 30, 2008, alleging a disability onset of August 17, 2008. (R. 61, 62, 99-100)  He claims disability due to problems from a broken neck, broken back and pain. (R. 127)  The application was denied initially, and by the Administrative Law Judge ("ALJ") on August 16, 2010. (R. 19-28)  The ALJ's determination became the final decision when the Appeals Council denied plaintiff's request for review. (R. 1-3)

The court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of its review is limited to determining: 1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and 2) whether the correct legal standards were applied.  *See Richardson v. Perales*, 402 U.S. 389, 390, 401, 91 S. Ct. 1420, 28 L. Ed. 843 (1971); *Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988).  The court may not decide facts, reweigh evidence, or substitute its judgment for that of the Commissioner.  *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  However, this limited scope does not render affirmance automatic,

> for "despite [this] deferential standard for review of claims ... [the] court must scrutinize [the] record in its entirety to determine the reasonableness of the decision reached."  *Bridges v. Bowen*, 815 F.2d 622 (11th Cir. 1987).

*Lamb*, 847 F.2d at 701.  Moreover, failure to apply the correct legal standards is grounds for reversal.  *See Bowen v. Heckler*, 748 F.2d 629, 634 (11th Cir. 1984).

Based upon the court's evaluation of the evidence submitted to and adduced at the hearing before the Administrative Law Judge and considered by him and the Appeals Council, the court is satisfied that the decision of the Administrative Law Judge is based upon substantial evidence and that the Administrative Law Judge applied the correct legal standard to each issue presented.  Accordingly, the decision of the Commissioner of the Social Security Administration will be

affirmed by separate order.

    **DONE** and **ORDERED** this 16th day of April 2013.

                            INGE PRYTZ JOHNSON
                            SENIOR U.S. DISTRICT JUDGE